The judgment of the court was pronounced by
Slidell, J.
This action is brought by Hannah Crosthwaile, as administratrix of the succession of Major Davis, and in her own right as his widow, and' by Emily Davis and others, children and heirs of the deceased, against John Davis, who is also a child and heir of the deceased, to recover from him a sum of about $1600. 'The claim is based upon two judgments obtained in Alabama by D. Gurley, for the use of Major Davis against John Davis. The prayer is, that the petitioners do recover and have final judgment against John Davis for the sum claimed. The petitioners also allege that John Davis had made a fraudulent and simulated sale of certain lands and slaves to A. G. Burrows, in order to defraud his creditors. They pray that Burrows be cited, "and that the sale be adjudged void. The petition contains no allegation that the succession of Major Davis is insolvent, nor that the share of John Davis in the succession, as heir of deceased, is not equal to the debt due by him.
To this proceeding the defendant’s excepted; the exception was maintained by the district judge, and the plaintiffs have appealed.
There is no error in the judgment. John Davis is himself an heir, and has, with the plaintiffs, his co-heirs, an undivided interest in the property of the succession. There is neither allegation nor proof that the succession is insolvent; and it may well be that, after payment of the debts of the succession, the share coming to the defendant may be larger than his indebtedness to the succession. The heir who owes a debt to the succession is entitled to collate it. As regards the action of Mrs. Orosihwaite, in her capacity of administratrix, there may be cases in which an administrator may sue an heir who is a debtor to the succession, and compel him to bring the money into court. But such a proceeding ought not to be permitted, where there is no suggestion nor proof of its necessity for the purpose of paying the debts of the succession. So far as we can form an opinion from the documentary and other evidence in the cause, more particularly the proces verbal of a succession sale and account of debts and assets prescribed by the former administrators, the succession is amply solvent, independently of the alleged amount due by the defendant, and will leave a large surplus for distribution among the heirs. See Civil Code, arts. 1214, 1271, 1272, 1265, &c. '
The claim to annul the sale to Burrows is incidental to and dependent upon the principal demand against the defendant, John Davis, andas the latter cannot be maintained, the former must be dismissed with it.
It is therefere decreed, that the judgment of the district court be affirmed, with costs.